UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08593-JAK (Ex) | Date | April 16, 2026 |
| Title | Wendy Mosqueda v. Werner Co., et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |

| M. Lindaya | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER RE MOTION TO REMAND (DKT. 19)**

### I.     Introduction

On April 28, 2025, Wendy Mosqueda ("Plaintiff") brought this action in the Los Angeles Superior Court against New Werner Co. ("Werner"),[1] Home Depot U.S.A., Inc. ("Home Depot"), and Earl Gibson ("Gibson") (collectively, "Defendants"), as well as Does 1 through 100.[2] Dkt. 1-1 ("Complaint"). On September 10, 2025, Defendants filed a notice of removal on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. 1 ¶ 3 ("Notice of Removal").

On October 1, 2025, Plaintiff filed a First Amended Complaint ("FAC"), which is the operative pleading. Dkt. 14. The FAC advances three causes of action: (1) strict products liability; (2) negligence; and (3) breach of implied warranty. *Id.* ¶¶ 13–14. On December 2, 2025, Plaintiff filed a Motion to Remand. Dkt. 19 ("Motion"). On January 9, 2026, Defendants filed an opposition to the Motion. Dkt. 23. On January 16, 2026, Plaintiff filed a reply in support of the Motion. Dkt. 24.

In accordance with Local Rule 7-15, a determination was made that the Motion could be decided without oral argument, and it was taken under submission. Dkt. 26. For the reasons stated in this Order, the Motion is **DENIED**. Having determined that Gibson is a sham defendant, the action is **DISMISSED WITHOUT PREJUDICE** as against Gibson.

---

[1] According to the Notice of Removal, this entity was erroneously sued as "New Werner Co." Dkt. 1 ¶ 2. The entity's correct name is "Werner Co." *Id.*

[2] Pursuant to Local Rule 19-1, no complaint or petition shall be filed that includes more than ten Doe or fictitiously named parties. Accordingly, the Court hereby **DISMISSES WITH PREJUDICE** the action as to Doe Defendants 11 through 100.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08593-JAK (Ex) | Date | April 16, 2026 |
| Title | Wendy Mosqueda v. Werner Co., et al. | | |

**II.    Background**[3]

A.    Parties

Plaintiff is a resident of Los Angeles County. Dkt. 14 ¶ 3. Werner is a Delaware corporation whose principal place of business is in Illinois. Dkt. 1 ¶ 8. Home Depot is a Delaware corporation whose principal place of business is in Georgia. *Id.* ¶ 9. Both Werner and Home Depot are authorized to do business in Los Angeles County. Dkt. 14 ¶ 5. Gibson resides in Lakewood, California, and is a citizen of California. Dkt. 1 ¶ 10; Dkt. 14 ¶ 4.

B.    Allegations in the Complaint

Werner is in the business of "designing, manufacturing, advertising, distributing, marketing, selling, leasing, renting, repairing, servicing, maintaining, installing, inspecting, and/or labeling ladders and their component parts," including the allegedly defective Werner 8 Foot Aluminum Step Ladder Model 368 ("Ladder") at issue in this action. Dkt. 14 ¶ 8. Werner distributed the Ladder to Home Depot, which sold the Ladder at its retail locations. *Id.* ¶¶ 9, 13.

Plaintiff purchased the Ladder from Home Depot in Gardena, California on June 24, 2022. *Id.* ¶ 16. Gibson was the store manager of the Home Depot store when Plaintiff purchased the Ladder. *Id.* Gibson's name appeared on the sales receipt for the Ladder that was provided to Plaintiff at the time she purchased it. *Id.* As manager, Gibson was responsible for ensuring the safety of products sold at the store, for ensuring that proper warnings were provided before products were sold, and for supervising and training employees and developing and enforcing policies and procedures governing the store. *See id.*

On April 29, 2023, Plaintiff used the Ladder, and due to its alleged defects, allegedly suffered severe bodily injuries. *Id.* ¶¶ 9–12.

C.    Remedies Sought

Plaintiff seeks general damages, special damages, past and future lost earnings and earning capacity, and litigation costs. Dkt. 14 at 8.

**III.    Legal Standards**

A.    Motion to Remand

Except as prohibited by Congress, any civil action brought in a state court may be removed by the defendant to a federal court if, at the time of removal, there is original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be established through federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction is present "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v.*

---

[3] All factual matters discussed in this section are based entirely on the allegations in the FAC and the Notice of Removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08593-JAK (Ex) | Date | April 16, 2026 |
|---|---|---|---|
| Title | Wendy Mosqueda v. Werner Co., et al. | | |

*Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441.

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A motion to remand may raise either a facial or a factual challenge to the defendant's jurisdictional allegations made in support of removal. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the [jurisdictional] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Salter v. Quality Carriers*, 974 F.3d 959, 964 (9th Cir. 2020) (citation modified). In contrast, a factual attack "contests the truth of the [jurisdictional] factual allegations, usually by introducing evidence outside the pleadings." *Id.* (citation modified).

In response to a facial attack, the defendant is not required to present evidence in support of removal jurisdiction. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019). Thus, when the moving party does not contest the factual allegations made in the notice of removal, but instead asserts that those allegations are facially insufficient to show federal jurisdiction, the factual allegations are deemed true and all reasonable inferences are drawn in favor of the removing party. *DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023).

Upon a factual attack on federal jurisdiction, a defendant must support its jurisdictional allegations with competent and admissible evidence that establishes them under the preponderance of the evidence standard. *Leite*, 749 F.3d at 1122; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (when removal is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence," whether the elements of removal have been satisfied (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014))).

Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

      B.     Fraudulent Joinder

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

This standard imposes a "heavy burden" on the party asserting fraudulent joinder. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). Although the test is similar to the one that applies under Rule 12(b)(6), the Ninth Circuit has explained that it is more appropriately compared to the "wholly insubstantial and frivolous" standard for dismissing claims for lack of federal question

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08593-JAK (Ex) | Date | April 16, 2026 |
| Title | Wendy Mosqueda v. Werner Co., et al. | | |

jurisdiction. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)); *see also Davis v. Prentiss Props. Ltd.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) ("[A] federal court's fraudulent-joinder consideration should be akin to an application of Rule 11.").

Under this stringent standard, the plaintiff's failure to state a claim must be "obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (citation modified). Furthermore, the district court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550; *see also Arteaga v. FCA US LLC*, No. 20-CV-2702, 2020 WL 2857488, at *2 (C.D. Cal. Jun. 2, 2020) (district court evaluating case removed from a California Superior Court should consider "California's liberal amendment standard"); *Ontiveros v. Michaels Stores, Inc.*, No. 12-CV-9437, 2013 WL 815975, at *4–5 (C.D. Cal. Mar. 5, 2013) ("Essentially, defendants must show that plaintiff cannot assert a claim against the non-diverse party as a matter of law . . . the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies.").

In determining whether the joinder of a defendant was an inappropriate effort to avoid removal, a court "may look beyond the pleadings and consider affidavits or other evidence to determine if the joinder was a sham." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Although the defendant asserting federal jurisdiction "is entitled to present the facts showing the joinder to be fraudulent," *McCabe*, 811 F.2d at 1339, the fraudulent joinder inquiry should not turn on the resolution of complex factual disputes. Rather, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc)). Thus, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* (quoting *Smallwood*, 385 F.3d at 573–74).

## IV.   Analysis

Plaintiff argues that removal of this action was improper because Gibson, like Plaintiff, is a citizen of California, which precludes the complete diversity of citizenship necessary for diversity jurisdiction. Dkt. 19 at 6. Defendants respond that the removal of this action was proper because Gibson was fraudulently joined and should be dismissed because there is no possibility that, under California law, Gibson will be subject to personal liability for Plaintiff's alleged injuries. Dkt. 23 at 12–15.

### 1.   Gibson and Plaintiff Have the Same Citizenship

It is undisputed that Gibson, like Plaintiff, is a citizen of California. Dkt. 19 at 6; Dkt. 14 ¶¶ 3–4. His presence as a defendant precludes complete diversity of citizenship. Thus, the issue in dispute is whether Gibson was fraudulently joined as a defendant such that his citizenship should not be considered in assessing whether there is complete diversity of citizenship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


| Case No. | 2:25-cv-08593-JAK (Ex) | Date | April 16, 2026 |
|---|---|---|---|
| Title | Wendy Mosqueda v. Werner Co., et al. | | |

2.      <u>Whether Plaintiff has a Viable Claim Against Gibson</u>

As noted, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *Grancare*, 889 F.3d at 549 (quoting *Hunter*, 582 F.3d at 1046).

The FAC[4] advances claims for strict products liability, negligence, and breach of warranty against Gibson. Dkt. 14 ¶¶ 13–14. Defendants argue that these causes of action against Gibson necessarily fail based on an uncontroverted declaration that Gibson submitted as to the circumstances of Plaintiff's purchase of the Ladder. Dkt. 23 at 14–15; Dkt. 23-1. Gibson declares, based on his personal knowledge and scheduling records as to Home Depot employees at the Gardena store, that he did not work on June 24, 2022, which is the day that Plaintiff purchased the Ladder. *Id.* ¶ 4; Dkt. 23-2. Because he was not working that day, Gibson declares that he did not sell the Ladder or otherwise interact with Plaintiff or any other customers that day. Dkt. 23-1 ¶ 5. Gibson also declares that he did not personally make any warranties regarding the Ladder. *Id.* ¶ 8. Gibson adds that he has never designed, manufactured, advertised, distributed, marketed, leased, rented, repaired, serviced, maintained, installed, labelled, assembled, fabricated, furnished, or modified the Ladder or its component parts. *Id.* ¶ 6. Although, as alleged by Plaintiff, Gibson's name was printed on the receipt Plaintiff received, Gibson declares that this was done as a matter of policy "so that customers could contact [him] with any questions or issues" even if he had played no role in the transaction. *Id.* ¶ 9.

a)      Strict Products Liability

Under California law, a "manufacturer, distributor, or retailer is liable in tort if a defect in the manufacture or design of its product causes injury while the product is being used in a reasonably foreseeable way." *Soule v. GM Corp.*, 8 Cal. 4th 548, 560 (1994). Gibson is neither a "manufacturer, distributor or retailer." Rather, he is a retail-level manager of a distributor, Home Depot. Further, "[t]he strict liability doctrine derives from judicially perceived public policy considerations, i.e., enhancing product safety, maximizing protection to the injured plaintiff, and apportioning costs among the defendants. Where these policy justifications are not applicable, the courts have refused to hold the defendant strictly liable even if that defendant could technically be viewed as a 'link in the chain' in getting the product to the consumer market." *Arriaga v. CitiCapital Commercial Corp.,* 167 Cal. App. 4th 1527, 1535 (2008).

Because Gibson is a retail manager employed by Home Depot, the policies underlying strict products liability would not be advanced by applying the doctrine to him and imposing potential liability on him for the sale of an allegedly defective product. Further, Plaintiff does not identify any California case holding

---

[4] Defendants argue that subject-matter jurisdiction should be evaluated based on the allegations of the now-superseded Complaint, and that allegations advanced in the operative FAC should be "disregard[ed]" because it was filed after the Notice of Removal. Dkt. 23 at 14. This argument is without merit. The Supreme Court has recently made clear that "[w]hen a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). Thus, the FAC is the proper pleading to evaluate in considering whether there is subject-matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08593-JAK (Ex) | Date | April 16, 2026 |
| Title | Wendy Mosqueda v. Werner Co., et al. | | |

that a retail employee of a distributor can be strictly liable for injuries caused by a defective product. Therefore, the FAC "fails to state a cause of action against [Gibson], and the failure is obvious according to the settled rules of [California law]" such that the "joinder of [Gibson] is fraudulent." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe*, 811 F.2d at 1339). No amendment could cure these deficiencies. *See Grancare*, 889 F.3d at 550.

> b)    Breach of Warranty

To state a claim for breach of warranty under California law, a plaintiff must allege "the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986)

Other than a conclusory allegation that Plaintiff was injured by Defendants' breach of an "express and/or implied warranty," Dkt. 14 ¶ 14, the FAC alleges no facts about the terms of the alleged warranty provided by Gibson, whether Plaintiff reasonably relied on the warranty, and the manner in which the warranty was breached. Certain of these deficiencies could potentially be cured by amendment. *Grancare*, 889 F.3d at 550. However, there is a more fundamental problem with respect to such a warranty claim against Gibson: He has declared that he was not present on the date that Plaintiff purchased the Ladder, and therefore, that he could not have, and did not make any warranties, express or implied, to Plaintiff. Dkt. 23-1 ¶¶ 5, 8. Plaintiff has not contested his testimony. Because Gibson could not have made any "affirmations of fact or promises" to Plaintiff, Plaintiff cannot assert an express warranty claim against Gibson. *Pisano v. Am. Leasing*, 146 Cal. App. 3d 194, 197–98 (1983) ("In the absence of any affirmations of fact or promises made by defendants to plaintiff, plaintiff cannot recover damages under his theory of breach of express warranty.").

The outcome is the same as to the implied warranty claim. The implied warranty of merchantability creates rights only against "manufacturer[s] and . . . retail seller[s]" -- not retail employees. Cal. Civ. Code § 1792. Even if Home Depot provided an implied (or express) warranty for the Ladder, Gibson would not be liable for its subsequent breach because he would not be a party to that warranty. Cal. Civ. Code § 2343 ("An agent is not liable personally on the contract of his principal even though he is the representative of the principal in making it."); *see also United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761–62 (9th Cir. 2002) (affirming finding of fraudulent joinder where sham defendant was not party to the contract in suit). Plaintiff cites no California case holding that a warranty claim, whether express or implied, may be brought against a retail employee who played no role in a purchase transaction through which a plaintiff acquired the allegedly deficient product. Any effort to amend the FAC to address these deficiencies would be futile. *Grancare*, 889 F.3d at 549.

> c)    Negligence

To state a claim for negligence under California law, "plaintiff must demonstrate that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of his or her injuries." *Morris v. De La Torre*, 36 Cal. 4th 260, 264 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08593-JAK (Ex) | Date | April 16, 2026 |
|---|---|---|---|
| Title | Wendy Mosqueda v. Werner Co., et al. | | |

Plaintiff contends that the FAC adequately states a negligence claim against Gibson because it includes:

> [A]llegations that [he], as store manager, controlled and had the ability to substantially influence the operations of the store, was responsible for ensuring the safety of products sold at the Home Depot store, for ensuring that proper warnings were issued with regard to product safety . . . was responsible for training, directing, instructing, and overseeing store employees in these areas . . . [and] was responsible for and involved in developing the Home Depot store's policies and procedures . . . and for ensuring that the policies and procedures were being properly carried out.

Dkt. 24 at 6–9 (citing Dkt. 14 ¶¶ 16–17). As noted, it is uncontested that Gibson was not working on the day Plaintiff purchased the Ladder and did not interact with Plaintiff, played no role in her purchase, and did not manage the Home Depot at the time of the sale. Because Gibson is not alleged to have played any role in the sale of the Ladder, Gibson could not have reasonably foreseen that the Ladder posed a particular risk of harm to Plaintiff, which is required for a tort duty to attach under California law. *Whitlock v. Pepsi Americas*, 681 F. Supp. 2d 1123, 1125–26 (N.D. Cal. 2010) ("The existence of duty depends upon the foreseeability of the risk and upon a weighing of policy considerations for and against imposition of liability. The foreseeability of a particular kind of harm plays a very significant role in this calculus." (citation modified)).

In short, Gibson's general managerial duties do not give rise to liability for unforeseeable injuries that arose from the sale of an allegedly product at the Home Depot -- which is a transaction that falls outside the scope of Gibson's duties as a manager. Again, Plaintiff cites no case where negligence liability has been imposed under California law on an employee of a retailer for the sale of an allegedly defective product when the employee played no role in the sale. The cases Plaintiff does cite are distinguishable because they involved premises-liability negligence claims that arose from the physical condition of a retail store -- which plausibly falls within the scope of a manger's tort duties, even when the manager is not physically present at the time of injury -- rather than negligence liability arising from the sale of an allegedly defective product. Dkt. 24 at 6 (first citing *West v. Costco Wholesale Corp.*, No. 20-CV-4265, 2020 WL 7023777, at *4 (C.D. Cal. Nov. 30, 2020); and then citing *Trujillo v. Target Corp.*, No. 17-CV-6429, 2017 WL 4864490, at *2 (C.D. Cal. Oct. 26, 2017)). Therefore, Plaintiff's negligence allegations against Gibson are "wholly insubstantial and frivolous," and any effort to amend the FAC to address these deficiencies would be futile. *Grancare*, 889 F.3d at 549.

\*     \*     \*

For the foregoing reasons, Defendants have met their "heavy" burden to show that there is "no possibility" that Plaintiff can state a claim against Gibson, *Hunter*, 582 F.3d at 1046, even if leave to amend were granted. *Grancare*, 889 F.3d at 549. Therefore, under the fraudulent joinder doctrine, Gibson is a sham defendant whose joinder in this action does not defeat subject-matter jurisdiction. "[A] fraudulent joinder finding compels dismissal of the 'sham defendants,' and thus the Court has the "obligation to expressly dismiss the 'sham defendants' before proceeding with the case." *Isaacs v. Broido*, 358 F. App'x 874, 876–77 (9th Cir. 2009) (district courts may sua sponte dismiss fraudulently joined defendants). Therefore, the action is **DISMISSED WITHOUT PREJUDICE** as to Gibson.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08593-JAK (Ex) | Date | April 16, 2026 |
|---|---|---|---|
| Title | Wendy Mosqueda v. Werner Co., et al. | | |

**V.     Conclusion**

For the foregoing reasons, the Motion is **DENIED**. The action is **DISMISSED WITHOUT PREJUDICE** as to Gibson.

**IT IS SO ORDERED.**

                                                                           :   _____

                                          Initials of Preparer       LC3